William M. Simpich SB #106672
Attorney at Law
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (415) 542-6809
E-mail: bsimpich@gmail.com

Stephen R. Jaffe SB #49539
The Jaffe Law Firm
101 California, Suite 2710
San Francisco, CA 94110
Telephone: (415) 618-0100
E-mail: stephen.r.jaffe@jaffetriallaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOTING RIGHTS DEFENSE PROJECT, AMERICAN INDEPENDENCE PARTY, CLARA DAIMS, and SUZANNE BUSHNELL, <br><br> Plaintiffs, <br><br> v. <br><br> TIM DEPUIS, in his official capacity as chief of the Alameda County Registrar of Voters, JOHN ARNTZ, in his official capacity as Director of the San Francisco Board of Elections, ALEX PADILLA, in his official capacity as Secretary of State and an indispensable party, AND DOES I-X, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND MANDAMUS <br><br> 1.      Voting Rights Act, 52 USC 10101 <br> 2.      US Const., 1st/14th Amendments <br> 3.      Cal. Elections Code § 3000 *et seq*, |

Plaintiffs, by and through their undersigned counsel, hereby complain of the Defendants and allege as follows:

## NATURE OF THE ACTION

1.     This action is brought pursuant to 42 U.S.C. § 1983 to secure equitable relief from Defendants' unlawful deprivation of Plaintiffs' rights, privileges and immunities guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; Section 2 of the Voting Rights Act of 1965, 52 U.S.C. 10101(a)(2)(A) and (B); and other laws of the United States and the state of California.   This action is also brought pursuant to 28 U.S.C. § 1361 to seek a writ of mandamus.  Jurisdiction is conferred pursuant to 28 U.S.C. § 1331 and § 1343.  Declaratory relief can be sought pursuant to 28 U.S.C. § 2201 and § 2202.

2.     "No right is more precious in a free country than that of having a voice in the election of those who make the laws…" *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Plaintiffs bring the instant lawsuit to protect the right to vote by mail, early voting, registration, and informational voting rights of millions of California voters.  Nearly 70% of ballots cast in the 2014 California special election were by mail, and over 65% of the ballots cast in the 2012 presidential preference primary were by mail.  http://www.sos.ca.gov/elections/historical-absentee/

3.     The impact of failure to inform NPP voters (no party preference voters) of their right to obtain a "crossover ballot" and to vote in the Presidential primary is significant, as is the failure to inform party-affiliated voters of their right to re-register as no party preference voters and still receive the Presidential primary ballots of the Democratic, American Independent, and Libertarian parties.  All Californians' voting rights have been and will continue to be denied or unreasonably infringed upon due to the lack of oversight of the California Secretary of State and county Boards of Elections.

4.       This action seeks declaratory and injunctive relief to redress the widespread and ongoing failure to provide information regarding the protected voting rights of "no party preference" voters to receive a Democratic, American Independent or Libertarian presidential ballot.   Inadequate information has also been provided regarding the right of "no party preference voters" to personally deliver their application to vote by mail to the county board of elections office by May 31, 2016 in order to mail their ballot in by the last day of the primary on June 7.

5.   This failure to provide adequate information is in violation of the Voting Rights Act of 1965, 52 U.S.C.A. § 10101 *et seq*, California Elections Code Section 3000 *et seq.*, and the U.S. Constitution's guarantee of Equal Protection, applied to states pursuant to the Fourteenth Amendment.  Plaintiffs are eligible California voters (one Democratic and one no party preference); Voting Rights Defense Project (an organization campaigning to heighten voter education and voter turnout for their candidate Bernie Sanders); and the American Independent Party itself.  These Plaintiffs and their associational members have been deprived of voting rights, as have the many similarly situated voters who have complained to their local Boards of Elections regarding applications to vote by mail, early voting, registration, and informational voting rights.  Thousands of Californians are in imminent danger of being disenfranchised in the 2016 presidential primary election ending on June 7, 2016, and will continue to be shut out of the democratic process unless and until Defendants reform their voting by mail practices.

6.       Congress enacted section 2 of the Voting Rights Act of 1965 to prevent certain types of situations.  One situation is where some voters in a county are being treated in a different manner from other voters in the county.  52 U.S.C. § 10101(a)(2)(A).  The other situation is where individuals are denied the right to vote "because of an error or omission on any

record or paper" which is "not material in determining whether such individual is qualified under State law to vote." 52 U.S.C. § 10101(a)(2)(B)

7.     Defendant Tim Depuis, the chief of the Alameda County Registrar of Voters, has engaged in a pattern and practice that will disenfranchise thousands of Alameda County voters. During the last two weeks, this Defendant distributed a series of notices to Alameda County voters that did not provide information that is required to be given to California voters pursuant to Elections Code Section 3000 et seq.   Because of this failure to provide proper notice, these voters will be unable to vote for the candidate of their choice unless there is prompt and effective intervention by this court.

8.     Specifically, both the Defendants Tim Depuis and John Arntz (chief of the San Francisco Department of Elections) distributed to the voters an electronic application to vote for mail on Depuis' Oakland website and Artnz's San Francisco website that violated Elections Code § 3006(c) and 3007.7(e).  Both of these applications failed to provide the mandatory notice to all voters of their right to state no party preference; and, further, that a no party preference voter shall be provided with a Democratic, American Independent Party or a Libertarian Party Presidential primary ballot.

9.     Furthermore, Defendant Arntz (and on information and belief, Defendant Depuis) violated Elections Code Section 3006 by preparing the Voter Information Pamphlet and Sample Ballot in a non-uniform manner.  This time, the aforementioned mandatory notice was properly provided at the back page of the pamphlet to all the no party preference voters.  However, the mandatory notice was not provided to the voters that were members of political parties.   It was mandatory to provide this information by law to all voters, not just the no party preference voters.

10.  The failure to provide this information meant that Bay Area citizens who were

members of political parties were not provided with choices that reasonably could have led them to select no party preference and request a Presidential primary ballot. This same error was committed in Santa Barbara County and other counties throughout the state of California. This statewide error occurred even after the Secretary of State created a uniform vote by mail application that conformed with Elections Code 3007.5 and included the proper language that was missing as described above. For reasons of their own, the Defendants and many of their colleagues throughout the state elected not to use the Secretary of State's uniform vote by mail application, but instead omitted essential terms in their applications.

11.     Another essential term that was missing in certain applications created by the Defendants was the mandatory notice contained in Elections Code 3006(b)(3) that applicants to vote by mail have the "legal right" to personally "deliver" the application to the County Elections Office by May 31 rather than rely on mail or fax.   These particular application forms would mention the May 31 date, but did not mention the "personal delivery" option or that the applicant had the "legal right" to deliver the application in this fashion.

12.     It is reasonable to assume that this omission will result in more late applications and less early voting, as applicants who deliver the application could receive the proper Presidential primary ballot and vote right there on the spot.   In turn, it is reasonable to assume that late applications will result in many more citizens failing to obtain a Presidential primary ballot.

**PARTIES TO THE ACTION**

13.     Both Defendants Tim Depuis and John Arntz, as part of their official duties, are responsible for conducting Federal, State, County, special and local elections.  Thus, they are sued in their official capacities.  Pursuant to the leadership of these Defendants, the Alameda County Registrar of Voters and the San Francisco Department of Elections prepare the published

notices of elections and lists of offices for which candidates are to be nominated. It is the duty of these agencies to prepare and print official and sample ballots; mail sample ballots to registered voters; recruit election officers and polling places; and provide the roster and street index and other supplies for use by the election officers at the polls. These agencies are also required to establish and revise voting precincts, provide for the tabulation of returns on election night, and conduct the official canvass of votes cast.

14.   Furthermore, these agencies had the duty to prepare applications to vote by mail that complied with the mandatory notices contained in the uniform vote by mail application prepared by the Secretary of State.  As described above, the defendants and similar agencies throughout the state failed in providing these mandatory notices.

15.   The Secretary of State Alex Padilla is named as an indispensable party.  The Secretary of State created the regulations that the Elections Code rely on.  On information and belief, the Secretary of State failed to properly advise the other Defendants, despite the enormous autonomy that the Defendants enjoy in running their own affairs free of interference from the Secretary.

16.   Plaintiff Voting Rights Defense Project is an unincorporated association based in Oakland, California.  The organizational plaintiff was created to campaign for the success of Bernie Sanders in his quest for votes in the California Presidential primary.  It has no formal relationship with the Sanders campaign.  This Plaintiff is engaged in taking action of various kinds with like-minded voters to ensure that the turnout for their preferred candidate is as large as possible.  As voting in this primary began on May 9 and will continue until June 7, the primary election has officially begun and the campaigning activity is ongoing.

17.  Plaintiff American Independent Party is a political party that has obtained ballot space in California.  The rules governing its ballot access are contained within Elections Code 6500 *et seq.*

18.  Plaintiff Suzanne Bushnell is a registered Democratic voter in the City and County of San Francisco.   As a Democratic voter in San Francisco and the state of California, she has been injured due to the failure of the Defendants to comply with the mandatory notice provisions set forth above.  She has "informational standing" due to these omissions by the Defendants, and she is entitled to relief designed to restore her to the situation she would have been in if this information was not denied to her.   She is uncertain whether she will be able to obtain a Presidential party ballot for Bernie Sanders if she becomes a no party preference voter.  Her rights as a voter have been chilled as a result.

19.  Plaintiff Clara Daims is a registered no party preference voter in the City and County of San Francisco.   As a no party preference voter in San Francisco and the state of California, she has been injured due to the failure of the Defendants to comply with the mandatory notice provisions set forth above.  She has "informational standing" due to these omissions by the Defendants, and she is entitled to relief designed to restore her to the situation she would have been in if this information was not denied to her.    She is uncertain whether she will be able to obtain a Presidential party ballot for Bernie Sanders if she remains a no party preference voter.  Her rights as a voter have been chilled as a result.

**FIRST CAUSE OF ACTION (52 USC 10101(a)(2)(A) and 42 USC 1983)**

20.  Paragraphs 1-19 are incorporated by reference.

21.  Defendants' actions violate 52 USC 10101(a)(2), generally known as "Section 2" of the Voting Rights Act of 1965.

22. 52 U.S.C. § 10301(a) grants rights to voters by providing, in relevant part:

(2) No person acting under color of law shall –

(A) in determining whether any individual is qualified under State

law or laws to vote in any election, apply any standard, practice, or

procedure difference from the standards, practices or procedures

applied under such law or laws to other individuals within the same

county, parish, or similar political subdivision who have been found

by State officials to be qualified to vote. . .

23. Private litigants may enforce their rights under 52 U.S.C. § 10101(a) by bringing

a suit under 42 U.S.C. § 1983.   Defendants, acting under color of state law,

applied different standards, practices, or procedures in determining whether party

voters would be given voter informational rights than were applied to no party

preference voters.

24. Plaintiffs will continue to suffer the violation of their rights as alleged in the

Complaint absent relief granted by the Court.

**SECOND CAUSE OF ACTION (52 USC 10101(a)(2)(B) and 42 USC 1983)**

25.  Paragraphs 1-24 are incorporated by reference.

26.  52 USC 10101(a)(2)(B) grants rights to voters by providing, in relevant part:  "No

person acting under color of state law shall … deny the right of any individual to

vote in any election because of an error or omission on any record or paper relating

to any application, registration, or other act requisite to voting, if such error or

omission is not material in determining whether such individual is qualified under

State law to vote in such election."  See Schwier v. Cox, 412 F. Supp. 2d 1266

(N.D. Ga. 2005) (finding a Georgia requirement that voting registrants disclose

Social Security number before voting violated materiality provision of Voting

Rights Act), aff'd, 439 F.3d 1285 (11th Cir. 2006).

27.  Certain Plaintiffs – or the individuals that they represent - are in imminent danger

of being denied the right to vote in the Presidential primary election because of the

errors and omissions contained in the mandatory notices containing crucial

information necessary in order to obtain the ballot.  These errors or omissions are

not material in determining whether these individuals are qualified under State law

to vote in the June 2016 Presidential primary election.

**THIRD CAUSE OF ACTION (First and Fourteenth Amendments, and 42 USC 1983)**

28. Paragraphs 1-27 are incorporated by reference.

29. Defendants' actions violated the 1st Amendment to the United States Constitution

and the equal protection clause of the 14th Amendment to the United States

Constitution, as the acts of the defendants towards the no party preference voters

constituted arbitrary discrimination of these plaintiffs as well as the associational

classes that Voting Rights Defense Project and American Independent Party

represent.

30.  The First and Fourteenth Amendments of the Constitution require that courts

closely scrutinize challenged election regulations, weighing "the character and

magnitude of the asserted injury . . . against the precise interests put forward by the

State as justifications for the burden imposed by its rule." *Burdick v. Takushi*, 504

U.S. 428, 434 (1992).

31. Even when voters are only modestly burdened by State action, the State's "precise

interests" must be able to justify the regulation, which must in turn be both

"reasonable" and "nondiscriminatory," *id.*; *see also U.S. Taxpayers Party of*

COMPLAINT  FOR INJUNCTIVE RELIEF, ET AL.                                        9

*Florida v. Smith*, 871 F. Supp. 426, 435 (N.D. Fla. 1993) (citing *New Alliance Party v. Hand*, 933 F.2d 1568 (11th Cir. 1991), as holding that "although the burden imposed on minor parties was not insurmountable, the interests put forth by the state were inadequate to justify the restriction imposed.").

32. When the burden is more severe, the regulation in question must be able to survive strict scrutiny. *Burdick*, 504 U.S. at 434.  When the law applies differently to pre-existing classes of similarly situated citizens seeking to exercise their fundamental rights, the distinction is analyzed under strict scrutiny. *See, e.g.*, *Wexler v. Anderson*, 452 F.3d 1226, 1231-32 (11th Cir. 2006) (indicating heightened scrutiny if the plaintiffs had pled that voters in touchscreen counties were less likely to cast an effective vote than voters in optical scan counties, and citing *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction.") .

### FOURTH CAUSE OF ACTION (Mandamus)

33.  Paragraphs 1-32 are incorporated by reference.

34.  Defendants' actions violated existing state law pursuant to Elections Code Section 3000 et seq.  Because these actions violated state law, Plaintiffs seek mandamus pursuant to 28 USC 1361 to ensure that the voters' informational rights are protected; that the voters are able to register either with a political party or without a political party as they see fit; that the voters are able to obtain the proper ballots at the Board of Elections and are able to vote before the last day of elections; and that the ballots are properly accepted and counted by the Board of Elections.

///

COMPLAINT  FOR INJUNCTIVE RELIEF, ET AL.                                      10

**PRAYER**

For good cause, Plaintiffs seek injunctive relief, declaratory relief, and a writ of mandamus.

1. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Defendants' challenge and removal procedures (a) violate Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, (b) were made with a arbitrarily discriminatory purpose in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the Fourteenth Amendment to the United States Constitution; (c) violate the Equal Protection Clause under the Fourteenth Amendment. Furthermore, grant Plaintiffs the specific relief sought without regard as to label:

2. Wide distribution of this information via radio, TV, newspaper, internet social media platforms in Alameda County and throughout the state of California;

3. Ensuring that sufficient ballot forms for all of the Presidential primary candidates are at all of the polling places on June 7;

4. That no party preference voters are not refused a Presidential primary ballot if they personally appear at their proper polling place;

5. Changing the applications at the Board of Elections websites in Alameda County, San Francisco, and throughout the state of California to conform with the essential terms set forth in the uniform application created by the Secretary of State;

6. An order permitting the write-in of the Democratic, American Independent Party, and Libertarian candidates, or, in the alternative, segregation of the ballots that have already been cast by those with no party preference registration in order to permit voters to re-vote for the candidate of their choice by June 7;

7. An order extending the registration deadline to June 7, in order to ensure that no party

1    preference voters are properly informed of the option to either re-register with a party

2    or request a Democratic, American Independent Party or Libertarian Party

3    Presidential primary ballot;

4
     8.  An order, as well, stating that party voters are properly informed of the option to re-
5
         register as no party preference and request a Democratic, American Independent
6
         Party or Libertarian Party Presidential primary ballot if that is their preference;
7

8    9.  Reasonable attorneys' fees pursuant to CC Section 1988 and CCP Section 1021.5;

9    10. Reasonable costs;

10
     11. Such other relief as the court may deem proper.
11   .

12   DATED:    May 20, 2016

13

14                                By: _____/s/_____

15                                       William M. Simpich
                                         Stephen R. Jaffe
16                                       Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT  FOR INJUNCTIVE RELIEF, ET AL.                                          12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28