William M. Simpich SB #106672
Attorney at Law
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (415) 542-6809
E-mail: bsimpich@gmail.com

Stephen R. Jaffe SB #49539
The Jaffe Law Firm
101 California, Suite 2710
San Francisco, CA 94110
Telephone: (415) 618-0100
E-mail: stephen.r.jaffe@jaffetriallaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VOTING RIGHTS DEFENSE PROJECT, et al., | Case No. C-16-02739 WHA |
|---|---|
| Plaintiffs, | EX PARTE APPLICATION FOR MOTION TO SHORTEN TIME FOR HEARING MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| ALEX PADILLA, et al., | |
| Defendants. | |

I, WILLIAM M. SIMPICH, declare:

1. I am attorney for plaintiffs in this action.

2. I request the court to shorten time for hearing for a preliminary injunction in this matter.

EX PARTE APPLICATION FOR MOTION TO SHORTEN TIME     1

3. The facts are as follows:   On or about May 13, it came to my attention that there were certain irregularities regarding the notice about the election.  I learned that there were applications to vote by mail that were in violation of Elections Code 3006 that were causing much confusion among non party preference voters about how to vote for President.   I heard reports that people were changing their parties in order to be able to vote for President in the primary.

4. People asked me if I could help them take action, including Sanders campaigners and the American Independent Party chair.  I wrote to the county counsel for San Francisco, Alameda, and San Mateo.  The San Francisco counsel wrote a long letter arguing with me about every contention that I had made and admitting no error.  Given the same facts, the San Mateo County Counsel thanked me and changed the application to vote by mail documents posted on their website.  I wrote the Elections chief for Alameda County and left a phone message as well, and got no response of any kind.

5. I filed this lawsuit on Friday, May 20, amending the complaint late in the day.  Since then, the San Francisco City Attorney's office has sent out two press releases denying any mistakes were made of any kind and claiming that every material statement contained in Plaintiffs' complaint is an error.  Despite this kind of reception, all parties were finally able to sit down on May 27 and had a civil discussion on the various issues with various proposals being made though none have yet reached fruition.

6. In the interim, I have been flooded with calls from poll workers and others across the state.  I could not go to court without assessing the evidence.  I contacted counsel on May 26 and informed them of our intention to seek this preliminary injunction.  I do not know any way I could have filed the complaint any sooner than May 20; nor do I know any way that this motion could have been brought any sooner than May 27 given the

EX PARTE APPLICATION FOR MOTION TO SHORTEN TIME                           2

context of the need to evaluate the evidence, given that plaintiffs are raising a new claim of unequal treatment due to poll workers in the state informing no party preference voters of their right to vote for President in an inconsistent manner:  Some are trained to inform the NPP voter of their right to request a presidential ballot; some are not given that training; and some let the individual poll worker decide.

7. The state of the law in this area is relatively clear in my mind, but I have a duty to get the law right in the various areas of this suit and communicate it clearly to the court despite these new emerging facts such as those stated above.

I declare under penalty of perjury that the foregoing is true and correct and of my own personal knowledge except for those matters stated on information and belief, and as for those matters, I believe them to be true.  Executed on May 27, 2016, in San Francisco, California.


_____/s/_____

WILLIAM M. SIMPICH