William M. Simpich SB #106672
Attorney at Law
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (415) 542-6809
E-mail:  bsimpich@gmail.com

Stephen R. Jaffe SB #49539
The Jaffe Law Firm
101 California, Suite 2710
San Francisco, CA 94110
Telephone:  (415) 618-0100
E-mail:  stephen.r.jaffe@jaffetriallaw.com

Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| VOTING RIGHTS DEFENSE PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEX PADILLA, et al., <br><br> Defendants. | Case No**.  C-16-02739-WHA** <br><br> **NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** |
|---|---|

　　　Plaintiffs apply to the court for preliminary injunctive relief.  This motion is based upon the following facts:

1. The subject matter of the underlying application for a preliminary injunction (submitted to the Court with an *ex parte* application and motion to shorten time) concerns the California Democratic Party primary election to occur on June 7, 2016;

1

2. Because of the nature of the remedies sought by the preliminary injunction applied for by the plaintiffs, to alleviate and mitigate the immediate and irreparable harm presently being caused by the dissemination of incorrect, misleading and incomplete information by the defendants to California voters who designated "no party preference" on their voter registrations and who wish to exercise their right to vote in the 2016 Democratic Party presidential primary,[1] plaintiffs' application for a preliminary injunction must be heard and adjudicated by the court at the earliest possible time. Plaintiffs therefore request a hearing on their application for a preliminary injunction be held Wednesday, June 1, 2016, or on the soonest possible date for this court prior to Tuesday, June 7.  The counsel for the Secretary of State has asked that this matter not be set for Friday, June 3.

3. Notice of this *ex parte* application was provided to counsel for all defendants on May 26, 2016 by William M. Simpich, counsel for plaintiffs.

4. The main relief sought by the Plaintiffs is as follows:

    A. Because of erroneous information spread statewide due to the Secretary of State's omissions regarding its failure to monitor the boards of elections and their numerous failures to adhere to the notice mandated by Elections Code 3006(b)(3), 3006(c), and 3007.7 as stated in the Secretary of State's uniform vote-by-mail application:

        (1) Public service announcements be sent out statewide to ensure uniformity in voting procedures by email, internet postings, radio and TV, stating as follows:

---

[1] The facts setting forth the immediate and irreparable harm to plaintiffs and affected California voters are set forth in the declarations filed in support of plaintiffs' application for a preliminary injunction.

  (a) All California voters have the right to receive a Presidential party ballot if they are registered as of May 23, 2016, as stated in Elections Code 3006.

  (b) All California voters have the right to be informed that the deadline to request a vote by mail ballot is set by statute as May 31, as stated in Elections Code Section 3006(c)

  (c) All California voters have the right to receive a regular Presidential ballot at the polling place, even if they did not file an application to vote by mail.

  (d) All California voters have the right to be offered a regular Presidential ballot by the poll workers when they arrive at the polls, although they will have to receive a provisional ballot if they fail to bring to the polls any vote by mail ballot that has been sent to them.

 B. All poll workers shall inform the no party preference voters of their right to request a Presidential party ballot;

 C. Sufficient ballots shall be provided at every polling station, which should be higher than the statutory standard set forth in the California Elections Code Section 14102 due to the high influx of no party preference voters registering since the previous election.

5. The more ambitious relief sought by the Plaintiffs is that registration to vote be reopened until as late as Election Day if possible, in an attempt to remedy the failures in registration caused by the confusion resulting from the errors committed by both these defendants and statewide, in order to protect the rights set forth in the Voting Rights Act and in the Equal Protection Clause.

Plaintiffs' motion is based on this motion, the ex parte application on file, the declarations and exhibits provided to the court, the Plaintiffs' memorandum of points and authorities, the amended complaint and the request for amendment to the complaint, and all oral or documentary evidence that may be presented at the time of the hearing.

>Respectfully submitted,
>
>WILLIAM M. SIMPICH
>STEPHEN R. JAFFE
>
>By:＿＿＿/s/＿＿＿＿＿＿＿＿＿＿＿
>Counsel for Plaintiffs

4