# EXHIBIT D
# to Joshua S. White Decl. ISO Arntz's Oppo. to PI Motion



**Re: Voting Rights Defense Project v. Padilla: We are seeking an ex parte hearing**

Joshua White    to: Bill Simpich <bsimpich@gmail.com>    05/26/2016 05:26 PM

Mr. Simpich,

I am in receipt of your email, in which you state that you will be filing an ex parte request with the Court tomorrow at 3:00 p.m. to shorten time on a motion for preliminary injunction, and that you will provide me with your "papers" by tomorrow at noon.

I have major concerns with how you have approached this litigation and with your decision to wait a full week after filing your complaint to ask the Court to set an expedited briefing schedule on your motion, in which you will presumably be asking the Court to order significant injunctive relief regarding a major election that's occurring in less than ten days.

You first contacted my client, the San Francisco Department of Elections, almost two weeks ago, on May 13, 2016. We spoke on the same day, and you told me that you believed the Department was in violation of Elections Code section 3006(c), which requires the Department to provide certain information to voters who have not expressed a party preference. On Monday, May 16, I provided you a full explanation about why this was not the case. I even included screenshots of the Department's website, which contain all of the statements you claimed were lacking. I encouraged you to re-contact me to continue our discussion. A copy of that email is attached hereto. Instead, you ignored me and filed your lawsuit, which contains many of the same allegations that I refuted in my email.



May 16 email from JSW to BS.pdf

We spoke again on Monday, May 23, 2016, and I informed you yet again that the allegations in your Complaint are meritless, and the Department has gone above and beyond its legal duty to educate San Francisco voters and provide them with the opportunity to vote in the presidential primary. In our conversation, you told me that you were "working on" your preliminary injunction motion and that you would attempt to provide it to me by Tuesday (i.e., May 24).

Now, almost two weeks have passed since our first conversation and a full week has passed since you filed your Complaint. It is, in my view, inappropriate to go in to Court on an emergency ex parte basis on a Friday afternoon, ten days before a major election, and ask the Court to set a hearing on a motion that you have not even provided to me on a schedule about which you have not solicited my input. An ex parte hearing is simply not appropriate for a shortened schedule when, among other issues, you have had a week to propose a schedule to me and have failed to do so. What schedule are you proposing? If there is a statutory or other basis for your motion,

please send me that citation immediately.

Finally, please copy me on all communications with the Court. Also, let me know what direct communications you have had with the Court on this scheduling issue and when.

Best,

Joshua S. White
Deputy City Attorney
Office of San Francisco City Attorney Dennis J. Herrera
City Hall • 1 Dr. Carlton B. Goodlett Place, Room 234
San Francisco, CA  94102
Phone:   (415) 554-4661
Fax:       (415) 554-4745

The information in this email is confidential and may be protected by the attorney/client privilege and/or the attorney work product doctrine. If you are not the intended recipient of this email or received this email inadvertently, please notify the sender and delete it.

| Bill Simpich | Josh, We will be filing our ex parte request - see... | 05/26/2016 04:24:19 PM |
|---|---|---|

| From: | Bill Simpich <bsimpich@gmail.com> |
|---|---|
| To: | Joshua White <joshua.white@sfgov.org>, |
| Date: | 05/26/2016 04:24 PM |
| Subject: | Voting Rights Defense Project v. Padilla: We are seeking an ex parte hearing |

Josh,

We will be filing our ex parte request - seeking to shorten time for hearing on a preliminary injunction - and seeking to make this request to Judge Alsup himself at 3 pm. We have no guarantee that he will see us in person at that time, but we have asked if it possible and we are awaiting a response. We will have our papers to you by noon tomorrow.

Best regards,

Bill Simpich