1  KAMALA D. HARRIS
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  SHARON L. O'GRADY
   Deputy Attorney General
4  State Bar No. 102356
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 703-5899
6   Fax:  (415) 703-1234
    E-mail:  Sharon.OGrady@doj.ca.gov
7  *Attorneys for Defendant Alex Padilla, Secretary of*
   *State*

8

9                 IN THE UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13 **VOTING RIGHTS DEFENSE PROJECT, AMERICAN INDEPENDENT PARTY, CLARA DAIMS, and SUZANNE BUSHNELL,** | Case No. 3:16-cv-02739 |
| | **DEFENDANT SECRETARY OF STATE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| **v.** | Date:        August 18, 2016<br>Time:        8:00 a.m.<br>Dept:        8<br>Judge:       The Hon. William Alsup<br>Trial Date:  None set<br>Action Filed:  May 20, 2016 |
| **ALEX PADILLA, in his official capacity as Secretary of State and an indispensable party, TIM DEPUIS, in his official capacity as chief of the Alameda County Registrar of Voters, JOHN ARNTZ, in his official capacity as Director of the San Francisco Board of Elections, and DOES I-X,** | |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2

Page

3

Notice of Motion and Motion .................................................................................. 1

4

Memorandum of Points and Authorities ................................................................. 2

Introduction/Summary of Argument........................................................................ 2

5

Background .............................................................................................................. 2

6

I. The Secretary Of State's role in the election process ............................ 2

7

II. The June 7 primary election and this action........................................... 2

III. The allegations of the complaint ............................................................ 3

8

9

A. The first claim for relief – section 10101(a)(2)(A) of the Voting Rights Act ...................................................................... 4

10

B. The second claim for relief - section 10101(a)(2)(B) of the Voting Rights Act ...................................................................... 4

11

C. The third claim for relief – the First and Fourteenth Amendments of the United States Constitution................................. 4

12

D. The fourth claim for relief - mandamus ...................................... 4

13

E. The relief plaintiffs seek.............................................................. 4

Argument ................................................................................................................. 5

14

I. Legal standard ........................................................................................ 5

15

II. Plaintiffs' complaint does not present a justiciable controversy............................ 6

16

III. Plaintiffs' complaint does not state a claim that is factually plausible. .................. 7

IV. The complaint fails to state a claim for violation of the First or Fourteenth Amendments. ....................................................................... 9

17

18

V. The complaint fails to state a claim for violation of the Voting Rights Act. ........ 10

19

A. The complaint does not state a claim for violation of section 10101(a)(2)(A) of the Voting Rights Act................................... 10

20

B. The complaint does not state a claim for violation of section 10101(a)(2)(B) of the Voting Rights Act................................... 11

21

VI. Plaintiffs' state law claims also fail. ................................................... 11

22

A. This court lacks jurisdiction over plaintiffs' mandamus claims based on alleged violations of the Elections Code.................................. 11

23

B. Plaintiffs' state law claims must be dismissed because the Court may not enter an injunction based on those claims................................. 12

24

C. Plaintiffs' complaint fails to state a claim for violation of the California Elections Code. ........................................................ 12

25

VII. The Court should dismiss the complaint without leave to amend. ...................... 14

26

Conclusion ............................................................................................................. 14

27

28

i

# TABLE OF AUTHORITIES

Page

CASES

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ....................................................................................2, 6, 8

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ....................................................................................2, 5, 8

*Burdick v. Takushi*
    504 U.S. 428 (1992) ......................................................................................9, 10

*California Democratic Party v. Jones*
    530 U.S. (2000) ................................................................................................10

*Clark v. Coye*
    60 F.3d 600 (9th Cir. 1995) ............................................................................12

*Clark v. Washington*
    366 F.2d 678 (9th Cir.1966) ............................................................................12

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ..........................................................................5

*Curry v. Baker*
    802 F.2d 1302 (11th Cir. 1986) ......................................................................12

*Daniels-Hall v. National Educ. Ass'n*
    629 F.3d 992 (9th Cir. 2010) .........................................................................5, 6

*Demos v. U.S. District Court*
    925 F.2d 1160 (9th Cir.1991) ..........................................................................12

*Friedman v. Snipes*
    345 F. Supp. 2d 1356 (S.D. Fla. 2004) ..........................................................11

*Gator.com Corp. v. L.L. Bean, Inc.*
    398 F.3d 1125 (9th Cir. 2005) ..........................................................................6

*Hubbard v. Ammerman*
    465 F.2d 1168 (5th Cir. 1972) ........................................................................12

*Katie A. ex. rel. Ludin v. Los Angeles Cty.*
    481 F.3d 1150 (9th Cir. 2007) ........................................................................12

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
    416 F.3d 940 (9th Cir. 2005) ......................................................................6, 14

ii

# TABLE OF AUTHORITIES
### (continued)

Page

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ...........................................................................................7

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009)..............................................................................8

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001)..............................................................................5

*Protectmarriage.com-Yes on 8 v. Brown*
   752 F.3d 827 (9th Cir. 2014)..............................................................................6

*Schwier v. Cox*
   42 F. Supp. 2d 1266 (N.D. Ga. 2005) .............................................................11

*Storer v. Brown*
   415 U.S. 724 (1974) ...........................................................................................9

*Tashjian v. Republican Party*
   479 U.S. 208 (1986) ...........................................................................................9

*Texas v. United States*
   523 U.S. 296 (1998) ...........................................................................................7

*Thomas v. Anchorage Equal Rights Comm'n*
   220 F.3d 11354 (9th Cir. 2000)..........................................................................7

*Timmons v. Twin Cities Area New Party*
   520 U.S. 351 (1997) ......................................................................................9, 10

*Todd v. McElhany*
   No. CIV S-11-2346 LKK, 2011 WL 5526464 (E.D. Cal. Nov. 14, 2011) .............................12

*Van Buskirk v. Cable News Network, Inc.*
   284 F.3d 977 (9th Cir. 2002)..............................................................................6

*Wolfson v. Brammer*
   616 F.3d 1045 (9th Cir. 2010)............................................................................7

*Zucco Partners, LLC v. Digimarc Corp.*
   552 F.3d 981 (9th Cir. 2009)..............................................................................6

**STATUTES**

28 U.S.C.
   § 1361 ......................................................................................................3, 4, 11

iii

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

42 U.S.C.
    § 1983...................................................................................................................3

4

5

52 U.S.C.
    § 10101(a)(2)(A).................................................................................................4, 10
    § 10101(a)(2)(B).................................................................................................4, 11

6

7

California Elections Code
    § 10........................................................................................................................2

8

    § 340......................................................................................................................2
    § 3001....................................................................................................................3

9

    § 3006..................................................................................................................13
    § 3006 and 3007.7..............................................................................................13

10

    § 3006(c)...............................................................................................................3
    §§ 3006(c), 3205(b), 13102(b)............................................................................9

11

    § 3007..................................................................................................................13

12

    § 3007.7.................................................................................................................3
    § 3201....................................................................................................................3

13

    § 3205(b)...............................................................................................................3
    § 13102(c).............................................................................................................7

14

15

California Government Code
    § 12172.5(a).......................................................................................................2, 8

16

    § 12172.5(b)..........................................................................................................2

17

Voting Rights Act................................................................................................4, 12

18

**CONSTITUTIONAL PROVISIONS**

19

United States Constitution

20

    First Amendment.............................................................................................3, 4, 10
    Fourteenth Amendment....................................................................................3, 4, 5

21

United States Constitution

22

    Article III, § 2, cl. 1...............................................................................................6

23

**COURT RULES**

24

Federal Rule of Civil Procedure

25

    rule 12(b)(6)......................................................................................................1, 5

26

27

28

iv

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that on August 18, 2016 at 8:00 a.m., or as soon thereafter as the

3   matter may be heard before the Honorable William Alsup in Courtroom 8 of the United States

4   District Court for the Northern District of California, located at 450 Golden Gate Avenue, San

5   Francisco, California, 94102, defendant Alex Padilla, in his official capacity of Secretary of State

6   of the State of California, will move this Court to dismiss without leave to amend plaintiffs' First

7   Amended Complaint for Injunctive Relief, Declaratory Relief, and Mandamus pursuant to Federal

8   Rule of Civil Procedure 12(b)(6).

9      This motion to dismiss is brought on the grounds that the Complaint fails to state a claim as

10   a matter of law.  This motion is based on this Notice of Motion and Motion, the Memorandum of

11   Points and Authorities, the papers and pleadings on file in this action, and upon such other

12   matters as may be presented to the Court at the time of the hearing.

13

14   Dated:  June 14, 2016                    Respectfully Submitted,

15                                            KAMALA D. HARRIS
                                             Attorney General of California
16                                           TAMAR PACHTER
                                             Supervising Deputy Attorney General
17

18                                           /s/ Sharon L. O'Grady

19                                           SHARON L. O'GRADY
                                             Deputy Attorney General
20                                           *Attorneys for Defendant Alex Padilla,*
                                             *Secretary of State*
21

22

23

24

25

26

27

28

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiffs allege wrongdoing in connection with events leading up to the June 7, 2016 primary election.  As to the Secretary of State, the Complaint[1] alleges only:  (1) that he is an "indispensable party," and (2) on information and belief, that he "failed to properly advise the other Defendants."  Complaint ¶ 15.  These allegations fail as a matter of law to state a claim upon which relief may be granted, and should be dismissed without leave to amend.  As a threshold matter, the Complaint does not present a justiciable controversy, if it ever did, because the election was concluded on June 7, rendering plaintiffs' claims moot.  On the merits, the Complaint does not allege facts that plausibly state a claim for relief under the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  And as a matter of law, plaintiffs cannot allege a violation of either the federal Constitution or the Voting Rights Act.  Finally, this Court lacks jurisdiction over plaintiffs' state law claims, which are substantively without merit.

## BACKGROUND

### I.    THE SECRETARY OF STATE'S ROLE IN THE ELECTION PROCESS

The Secretary of State is the chief elections officer in California.  CAL. ELEC. CODE § 10.  The Secretary "shall see that elections are efficiently conducted and that state election laws are enforced."  CAL. Gov't CODE § 12172.5(a).  The Secretary's powers are important but limited:  the Secretary cannot issue enforcement orders requiring local election officials to comply with the law.  Rather, "[i]f, at any time, the Secretary of State concludes that the election laws are not being enforced, the Secretary of State shall call the violations to the attention of the district attorney of the county or the Attorney General."  *Id.* § 12172.5(b).

### II.   THE JUNE 7 PRIMARY ELECTION AND THIS ACTION

The presidential primary election in California was held on June 7, 2016, a date established in California Elections Code section 340.  The last day to register to vote, or to re-register to vote

---

[1] All references herein are to the operative First Amended Complaint, filed May 20, 2016, ECF No. 2.

2

1   to change parties or to become a no-party-preference voter, was May 23, 2016.  Vote by mail

2   applications include language advising no-party-preference voters of their right to request a

3   primary ballot for those political parties that have opted to allow no-party-preference voters to

4   participate in their primary elections.  CAL. ELEC. CODE § 3006(c).  In addition to printed vote-by-

5   mail applications, local elections officials may, but are not required to, offer an electronic vote-

6   by-mail application.  *Id*. § 3007.7.  Voters also may establish permanent vote-by-mail status.  *Id*.

7   § 3201.  Prior to every partisan primary election, county elections officials are required to send

8   out a notice and application to every no-party-preference voter who is also a permanent vote-by-

9   mail voter, informing the voter "that he or she may request a vote by mail ballot for a particular

10   party for the primary election, if that political party adopted a party rule" allowing no-party-

11   preference voters to vote in their primary.  *Id*. § 3205(b).  The accompanying application allows

12   the no-party-preference voter to write in the political party ballot he or she wishes to receive.  *Id*.

13        Plaintiffs filed this action on May 20, 2016.  The Complaint alleges violations of the Voting

14   Rights Act and the First and Fourteenth Amendments of the United States Constitution.  In

15   addition, the Complaint contains a claim for writ of mandamus under 28 U.S.C. § 1361, based on

16   defendants' alleged violations of the California Elections Code.  On May 27, 2016, plaintiffs filed

17   a motion for preliminary injunction, and requested an expedited hearing.  At the June 1, 2016

18   hearing, the Court denied all relief.  *See* Mem. Op. re Mot. for Prelim. Inj. 1, ECF No. 46.

19   **III.    THE ALLEGATIONS OF THE COMPLAINT**

20        Plaintiffs are the Voting Rights Defense Project ("VRDP"), an unincorporated association

21   created to campaign for Senator Bernie Sanders in the California Presidential primary; the

22   American Independent Party of California; a registered Democratic voter; and a registered no-

23   party-preference voter.  Complaint ¶¶ 16-19.  Defendants are the Secretary of State of California,

24   the Chief of the San Francisco Department of Elections, and the Chief of the Alameda County

25   Registrar of Voters.  Complaint ¶¶ 7-8.  Plaintiffs seek declaratory and injunctive relief based on

26   the following claims in their Complaint:

27

28

**A.     The First Claim for Relief – Section 10101(a)(2)(A) of the Voting Rights Act**

Plaintiffs allege that defendants have violated section 10101(a)(2)(A) of the Voting Rights Act, which provides that "[n]o person acting under color of law shall[,] in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure difference [sic] from the standards, practices or procedures applied under such law or laws to other individuals within the same county, parch, or similar political subdivision who have been found by State officials to be qualified to vote." Complaint ¶¶ 21-22.

**B.     The Second Claim for Relief - Section 10101(a)(2)(B) of the Voting Rights Act**

Plaintiffs allege that defendants have violated section 10101(a)(2)(A) of the Voting Rights Act, which provides, in relevant part, that "[n]o person acting under color of state law shall . . . deny the right of any individual to vote in any election because of an error or omission in any record or paper relating to an application, registration, or other act requisite to voting, if such error or omission is not material in determing whether such individual is qualified under State law to vote in such election."  Complaint ¶¶ 26-27.

**C.     The Third Claim for Relief – The First and Fourteenth Amendments of the United States Constitution**

Plaintiffs allege that defendants have violated the First Amendment and the Equal Protection Clause of the Fourteenth Amendment by engaging in "arbitrary discrimination" of plaintiffs and "the associational classes that Voting Rights Defense Project and American Independent Party represent."  Complaint ¶ 29.

**D.     The Fourth Claim for Relief - Mandamus**

Plaintiffs allege that defendants' conduct violated the California Elections Code, and seeks a writ of mandamus pursuant to 28 U.S.C. § 1361.

**E.     The Relief Plaintiffs Seek**

Plaintiffs seek a judgment "declaring that Defendants' challenge and removal procedures violate Section 2 of the Voting Rights Act" and the Fourteenth Amendment.  Complaint, Prayer

4

1    Item 1.  Plaintiffs' request for injunctive relief, although incoherent, seeks relief specifically

2    relating to the June 7 primary election.  It seeks (a) "Wide distribution of this information"

3    through various media "in Alameda County and throughout the state of California;" (b) "Ensuring

4    that sufficient ballot forms for all of the Presidential primary candidates are at all of the polling

5    places on June 7;" (c) "That no party preference voters" who "personally appear at their proper

6    polling place" "are not refused a Presidential primary ballot"; (d) "Changing the applications at

7    the Board of Elections websites in Alameda County, San Francisco, and throughout the state of

8    California to conform with the essential terms set forth in the uniform application created by the

9    Secretary of State;" (e) "An order permitting the write-in of the Democratic, American

10   Independent Party, and Libertarian candidates, or, in the alternative, segregation of the ballots that

11   have already been cast" by no-part-preference voters to permit them "to re-vote for the candidate

12   of their choice by June 7;" (f) "An order extending the registration deadline to June 7"; (g) "An

13   order, as well, stating that party voters are properly informed of the option to reregister as no

14   party preference and request a Democratic, American Independent Party or Libertarian

15   Presidential primary ballot if that is their preference;" and (h) "An order that provisional ballots

16   will not be issued to voters unless there is no other alternative."  *Id*., Prayer Items 2-9.

17                                      **ARGUMENT**

18   **I.    LEGAL STANDARD**

19          A complaint may be dismissed for failure to state a claim upon which relief can be granted.

20   Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."

21   *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal is proper where

22   there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable

23   legal theory.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).   To defeat a Rule 12(b)(6)

24   motion, plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the

25   elements of a cause of action will not do"; instead, plaintiffs must allege facts sufficient to "raise

26   a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

27          In deciding a Rule 12(b)(6) motion, a court must assume the plaintiffs' allegations of fact

28   are true and must draw all reasonable inferences in their favor.  *See Daniels-Hall v. National*

                                           5

1    *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "the tenet that a court must accept as

2    true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*

3    *v. Iqbal*, 556 U.S. at 678.  While the court generally looks only to the face of the complaint and its

4    exhibits, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the court

5    may also consider documents that are proper subjects of judicial notice, *Zucco Partners, LLC v.*

6    *Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).  Leave to amend need not be granted if "it is

7    clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon*

8    *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

9    **II.    PLAINTIFFS' COMPLAINT DOES NOT PRESENT A JUSTICIABLE CONTROVERSY.**

10           The Complaint should be dismissed as non-justiciable both because the claims alleged are

11   now moot, and because plaintiffs failed to allege standing to bring those claims.

12           "It is the inexorable command of the United States Constitution that the federal courts

13   confine themselves to actual cases and controversies.  *See* U.S. CONST. art III, § 2, cl. 1."

14   *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005).  Article III requires that

15   an actual controversy exist at all phases of the litigation.  *Protectmarriage.com-Yes on 8 v. Brown*,

16   752 F.3d 827, 834 (9th Cir. 2014); *Gator.com*, 398 F.3d at 1128.  Thus, moot claims are not

17   justiciable.  The court "loses its power to render a decision on the merits of a claim [citation],

18   when [it] can no longer effectively remedy a 'present controversy' between the parties."

19   *Protectmarriage.com*, 752 F.3d at 834.

20           Plaintiffs' claims are now moot, because the primary election was concluded June 7.  All of

21   plaintiffs' allegations are based on events relating to the June 7, 2016 California primary.  *See*

22   Complaint ¶¶ 4-5, 7-14, 16, 18-19.  Plaintiffs' alleged injuries and the relief they seek are specific

23   to the election.  *See supra* Background Section III.E.  There is no justiciable controversy, because

24   the Court is "unable to effectively remedy a present controversy between the parties where a

25   plaintiff seeks to enjoin an activity that has already occurred, and [the court] cannot 'undo' that

26   action's allegedly harmful effects."  *Protectmarriage.com*, 752 F.3d at 834.

27           The claims are also not justiciable because the plaintiffs have not alleged standing to bring

28   them.  To establish standing, plaintiffs must show that: (1) they suffered an injury in fact – an

6

1   invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or

2   imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and

3   the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury

4   will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

5   (1992) (citations and quotations marks omitted).  Where an allegation of injury is conjectural or

6   hypothetical and not clean-cut and concrete, concepts of standing and ripeness overlap and

7   provide additional ground for dismissing a complaint.  *Wolfson v. Brammer*, 616 F.3d 1045, 1058

8   (9th Cir. 2010).  *See Texas v. United States*, 523 U.S. 296, 300 (1998); *Thomas v. Anchorage*

9   *Equal Rights Comm'n*, 220 F.3d 11354, 1138 (9th Cir. 2000).

10          To the extent the Complaint can be read to seek relief broader than that sought in

11   connection with the June 7 primary, plaintiffs' pleading at most alleges ephemeral, as opposed to

12   concrete and particularized, injuries.  *See* Complaint ¶¶ 18-19, 27.  The injuries plaintiffs allege

13   and the relief they seek are specific to the now-concluded June 7 primary election.  The claims of

14   VRDP, Clara Daims, and Suzanne Bushnell are specific to the conduct impacting individual

15   voters' ability to vote for Bernie Sanders in the now-concluded primary election.  *See id.*  The

16   American Independent Party alleges no injury, and can allege none, because at most it could

17   claim some impact on crossover voting by no-party-preference voters who request an American

18   Independent Party ballot, but there can be no certainty now that the American Independent Party

19   will even permit crossover-voting in future presidential primary elections.  *See* CAL. ELEC. CODE

20   § 13102(c) (political party may adopt party rule that authorizes no-party-preference voters "to

21   vote the ballot of that political party at the next ensuing partisan primary election," by providing

22   "written notice . . . to the Secretary of State not later than the 135th day prior to [the election]).

23   Now that the 2016 primary election is concluded, any continuing threat would be purely

24   hypothetical.

25   **III.   PLAINTIFFS' COMPLAINT DOES NOT STATE A CLAIM THAT IS FACTUALLY**
     **PLAUSIBLE.**

26

27          To survive a motion to dismiss, the Complaint must allege a claim that is facially plausible,

28   that is, "'the non-conclusory factual content,' and reasonable inferences from that content, must

7

be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557.  Plaintiffs' complaint simply does not plausibly suggest a claim entitling them to any relief.  Here, the Complaint alleges in general terms a "failure to inform NPP voters (no party preference voters) of their right to obtain a 'crossover ballot' and vote in the Presidential primary," and an alleged "failure to inform party-affiliated voters of their right to re-register as no party preference voters and still receive the Presidential primary ballots of the Democratic, American Independent, and Libertarian parties."  Complaint ¶ 3.  These conclusory allegations do not plausibly state a claim for relief.

Indeed, plaintiffs' complaint is devoid of meaningful factual allegations.  The prayer seeks a declaratory judgment that "Defendants' challenge and removal procedures" violate the Voting Rights Act and the federal constitution, but the allegations of the complaint do not explain, describe, or even mention, any challenge and removal procedures, much less allege facts tending to show that any such procedures violate federal law.

Even if the Court were to overlook these fundamental problems, plaintiffs have not joined in this lawsuit 56 of the 58 county elections officials against whom plaintiffs seek injunctive relief.  Plaintiffs seek a broad injunction requiring specific actions in connection with a state-wide election that is run by *local elections officials.*  For example, Plaintiffs demand an order that all polling places have sufficient presidential primary ballots, that all county registrar websites be changed, and that the Court prescribe specific conduct by local poll workers throughout the state.  *See* Prayer to Complaint.  An injunction entered against the defendants in the lawsuit could not achieve this kind of local relief throughout the State.  *See supra* Background, Section I; CAL. Gov't CODE § 12172.5(a).

IV.   **THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE FIRST OR FOURTEENTH AMENDMENTS.**

Plaintiffs' claims that party-affiliates must affirmatively be informed that they may re-register as no-party-preference voters, and that no-party-preference voters must be offered Democratic Party, American Independent Party, or Libertarian Party ballots by poll worker on Election Day, fail to state a claim as a matter of law.  These claims are effectively constitutional attacks on the Elections Code, which does not require such disclosures.  *See* CAL. ELEC. CODE §§ 3006(c), 3205(b), 13102(b).

These claims fail because the Constitution grants to the States "a broad power to prescribe the 'Times, Places and Manner of holding Elections for Senators and Representatives,' Art. I, § 4, cl. 1." *Tashjian v. Republican Party*, 479 U.S. 208, 217 (1986).  As a practical matter, elections cannot be conducted in the absence of extensive state regulation of the election process: "Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections; 'as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes.'" *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Storer v. Brown*, 415 U.S. 724, 730 (1974)); *accord*, *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) ("States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder.").

In elections cases, the Supreme Court has developed a balancing test to accommodate speech rights and a state's interest in preserving fair and impartial elections.  First, a court "must weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary." *Timmons v. Twin Cities Area New Party*, 520 U.S. at 358 (citations and internal quotation marks omitted).

> Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest.  Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.  . . . .  No bright line separates

9

1  permissible election-related regulation from unconstitutional infringements on First
2  Amendment freedoms.

3  *Id.* at 358-359 (citations and internal quotation marks omitted).

4      As this Court has already held, plaintiffs' allegations fail the *Burdick* balancing test.

5  Plaintiffs generally allege only that "the acts of the defendants' toward no party preference voters

6  constituted arbitrary discrimination of these plaintiffs as well as the associational classes that

7  Voting Rights Defense Project and American Independent Party represent."  Complaint ¶ 29.  As

8  this Court has held:

9      Here, the burden on no-party-preference voters, is slight, if it exists at all.
    Voters must read the materials provided to them to understand their rights; only some
10  counties will spoonfeed the information.  The government's interest in arranging for
an orderly and fair primary, avoiding confusion and providing *too much* information,
11  and ensuring that voters can received their ballots in a timely manner all plainly
justify defendants' conduct.
12

13  Mem. Op. re Mot. for Prelim. Inj. 4.[2]  The Complaint does not state facts sufficient to state a

14  claim under the First or Fourteenth Amendments.

15  **V.**    **THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE VOTING
RIGHTS ACT.**
16
    **A.**    **The Complaint Does Not State a Claim for Violation of Section
17  10101(a)(2)(A) of the Voting Rights Act.**

18      Plaintiffs' claim under 52 U.S.C. section 10101(a)(2)(A) fails as a matter of law.  That

19  statute prohibits elections officials from discriminating between individuals within the same

20  county or other political subdivision with respect to voter registration – in determining whether an

21  individual is *qualified to vote under state law*.  As the Court has held, plaintiffs are not being

22  denied the right to register to vote.  "Section 10101(a)(2)(A) concerns voter registration, which is

23  not at issue here."  Mem. Op. re Mot. for Prelim. Inj. 4.

24

25

26      [2] Simply treating no-party-preference voters differently from party-affiliated voters does
not allege a constitutional violation.  First Amendment associational rights allow the *exclusion* of
27  no-party-preference voters from party primaries altogether.  *California Democratic Party v.
Jones*, 530 U.S. 567. 570-71, 575-76 (2000).
28

1

**B.    The Complaint Does Not State a Claim for Violation of Section 10101(a)(2)(B) of the Voting Rights Act.**

2

3      Plaintiffs' claim under section 10101(a)(2)(B) of the Voting Rights Act is similarly

4  meritless.  Section 10101(a)(2)(B) prohibits a state from refusing to allow an individual to vote

5  based on an immaterial error or omission in the registration application.  *Friedman v. Snipes*, 345

6  F. Supp. 2d 1356, 1370-73 (S.D. Fla. 2004).  This statute is wholly irrelevant to the petitioners'

7  claims.  Here, there is no allegation that any defendant has improperly rejected any application to

8  register to vote or attempt to vote, much less that they have done so on the basis of an immaterial

9  error or omission in the registration application.  The decision in *Schwier v. Cox*, 42 F. Supp. 2d

10 1266 (N.D. Ga. 2005) is simply inapposite.  There the court held that the Voting Rights Act was

11 violated when elections officials refuse to allow voters to register unless they provide social

12 security numbers, which is information specifically protected from disclosure under federal law

13 and immaterial to the voter registration process.

14      If plaintiffs are alleging that defendants have violated this section because they have not

15 given no-party-preference voter information to party-affiliated voters, this would also fail to state

16 a claim.  First, party-affiliated voters do not have a right to vote in any other party's primary.

17 Second, there is no allegation in the complaint that any party-affiliated voter has been denied the

18 right to vote.  *Cf.* Mem. Op. re Motion for Prelim. Inj. 4.

19 **VI.    PLAINTIFFS' STATE LAW CLAIMS ALSO FAIL.**

20     **A.    This Court Lacks Jurisdiction Over Plaintiffs' Mandamus Claims Based on Alleged Violations of the Elections Code.**

21

22      Alleged violations of the California Elections Code are set forth in plaintiffs' "Fourth Cause

23 of Action," which seeks "mandamus pursuant to 28 U.S.C. 1361."  But, as this Court has held,

24 section 1361 does not confer federal jurisdiction over mandamus claims against state officials.

25 Section 1361 provides:  "The district courts shall have original jurisdiction of any action in the

26 nature of mandamus to compel an officer or employee *of the United States* or any agency thereof

27 to perform a duty owed to the plaintiff."  (Emphasis added); Mem. Op. re Mot. for Prelim. Inj. 4.

28 "[F]ederal district courts are without power to issue mandamus to direct state courts, state judicial

11

1   officers, or other state officials in the performance of their duties.  A petition for a writ of

2   mandamus to compel a state court or official to take or refrain from some action is frivolous as a

3   matter of law." *Todd v. McElhany,* No. CIV S-11-2346 LKK, 2011 WL 5526464, at *2 (E.D.

4   Cal. Nov. 14, 2011) (citing, inter alia, *Demos v. U.S. District Court*, 925 F.2d 1160, 1161 (9th

5   Cir.1991), and *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir.1966)).

6         **B.    Plaintiffs' State Law Claims Must Be Dismissed Because the Court May
7                Not Enter an Injunction Based on Those Claims.**

8         Allowing plaintiffs to re-plead their state law claims as non-writ claims cannot save them.

9   The Complaint seeks only declaratory and injunctive relief.  Plaintiffs' request for declaratory

10  relief is based only on plaintiffs' Voting Rights Act and federal constitutional claims.  *See*

11  Complaint at Prayer, Item 1.  The only relief plaintiffs seek on their Elections Code Claims is for

12  an injunction.  *See id.* at Prayer, Items 2-9.  Even if the Court could otherwise exercise

13  jurisdiction over plaintiffs' Elections Code claims, it cannot issue an injunction based on those

14  claims.

15        Federal courts should not intervene in state elections to decide issues of state law where no

16  federal question is involved.  *Curry v. Baker*, 802 F.2d 1302, 1315 (11th Cir. 1986); *Hubbard v.*

17  *Ammerman*, 465 F.2d 1168 (5th Cir. 1972).  And a federal court abuses its discretion if it enters

18  any injunction that "requires any more of state officers than demanded by federal constitutional or

19  statutory law." *Katie A. ex. rel. Ludin v. Los Angeles Cty.*, 481 F.3d 1150, 1155 (9th Cir. 2007);

20  *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995).  *See* Mem. Op. re Mot. for Prelim. Inj. 5.

21        **C.    Plaintiffs' Complaint Fails to State a Claim for Violation of the California
22                Elections Code.**

23        Even if the Court could entertain plaintiffs' Elections Code claims, which it cannot, they are

24  insufficient as a matter of law.  The *only* factual allegation made against the Secretary in the

25  complaint is a bare allegation, on information and belief, that "the Secretary of State failed

26  properly to advise the other Defendants."  Amended Complaint ¶ 15.  And the very next sentence

27  concedes that the county defendants have "enormous autonomy" to run their affairs "free from

28

12

1  interference from the Secretary." *Id*.  Although plaintiffs allege that the Secretary of State is an

2  "indispensable party," it is not clear what if any relief they are seeking from him. *See id*., Prayer.

3        If plaintiffs' allegations are construed to allege that the Secretary of State is somehow

4  responsible for any statutory violations by the county defendants, the allegations are insufficient

5  as a matter of law.  Plaintiffs allege that the county defendants' electronic voter registration

6  applications violate Elections Code section 3006 and 3007.7 by not providing "mandatory notice

7  to all voters of their right to state no party preference, and, further, that a no party preference

8  voter shall be provided with Democratic, American Independent Party or Libertarian Party

9  Presidential primary ballot"  Complaint ¶ 8.  But section 3006 and 3007 apply only to

10  applications for a vote by mail ballot, and the applications are not required to include the notice

11  language plaintiffs claim.  Section 3006 simply requires that the application

12       shall inform the voter that *if he or she has declined to disclose a preference for a*
13  *political party*, the voter may request a vote by mail ballot for a particular political
   party for the partisan primary election, if that political party has adopted a party rule,
14  duly noticed to the Secretary of State, authorizing that vote. . . .  The application shall
   contain a checkoff box with a conspicuously printed statement that reads substantially
15  similar to the following: "I have declined to disclose a preference for a qualified
   political party.  However, for this primary election only, I request a vote by mail
16  ballot for the _____ Party."  The name of the political party shall be personally
   affixed by the voter.

17  CAL. ELEC. CODE § 3006 (emphasis added).

18        Plaintiffs' allegations that the county defendants violated Elections Code section 3006 "by

19  preparing the Voter Information Pamphlet and Sample Ballot in a non-uniform manner" also fails

20  as a matter of law.  Preliminarily, section 3006 sets forth requirements for voter registration

21  applications, not voter information pamphlets and sample ballots.  The Secretary is required to

22  prepare a uniform application format for a vote by mail ballot, CAL. ELEC. CODE § 3007, and the

23  Complaint concedes that the Secretary of State did so.  Complaint ¶ 10..  However, the statute

24  expressly provides that "[t]he uniform format need not be utilized by elections officials in

25  preparing a vote by mail voter's ballot application to be included with the sample ballot." *Id*.

26        In short, even if the Court had jurisdiction over plaintiffs' purported Elections Code claims,

27  which it does not, they fail as a matter of law.

28

1    **VII.   THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND.**

2           Leave to amend a defective complaint need not be granted if "it is clear that the complaint

3    could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416

4    F.3d at 946.  As demonstrated above, plaintiffs cannot cure the defects in their complaint by

5    amendment.

6                          **CONCLUSION**

7           The Court should dismiss the Complaint with prejudice.

8    Dated:  June 14, 2016              Respectfully Submitted,

9                            KAMALA D. HARRIS
                             Attorney General of California

10                         TAMAR PACHTER
                             Supervising Deputy Attorney General

11

12                         /s/ Sharon L. O'Grady

13                         SHARON L. O'GRADY
                             Deputy Attorney General

14                         *Attorneys for Defendant Alex Padilla,*
                             *Secretary of State*

15    SA2015102025

16

17

18

19

20

21

22

23

24

25

26

27

28