1    KAMALA D. HARRIS
     Attorney General of California
2    TAMAR PACHTER
     Supervising Deputy Attorney General
3    SHARON L. O'GRADY
     Deputy Attorney General
4    State Bar No. 102356
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 703-5899
6     Fax:  (415) 703-1234
      E-mail:  Sharon.OGrady@doj.ca.gov
7    *Attorneys for Defendant Alex Padilla, Secretary of State*

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11

12

| | |
|---|---|
| 13  **VOTING RIGHTS DEFENSE PROJECT, AMERICAN INDEPENDENCE PARTY, CLARA DAIMS, and SUZANNE BUSHNELL,** | 3:16-cv-02739-WHA |
| 14 | **[PROPOSED] ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| 15                      Plaintiffs, | |
| 16 | Date:          August 18, 2016 |
| 17         **v.** | Time:          8:00 a.m. Judge:         The Honorable William Alsup |
| 18  **ALEX PADILLA, in his official capacity as Secretary of State and an indispensable party, TIM DEPUIS, in his official capacity as chief of the Alameda County Registrar of Voters, JOHN ARNTZ, in his official capacity as Director of the San Francisco Board of Elections, and DOES I-X,** | Trial Date:     None Set Action Filed:   May 20, 2016 |
| 22                      Defendants. | |

23

24        This matter is before the Court on Defendant Secretary of State's Motion to Dismiss.  The

25   Court has reviewed and considered the motion, the papers filed in support of and in opposition to

26   the motion, and the arguments of counsel.

27        The Court finds good cause to grant the motion.  Plaintiff's Complaint does  not present a

28   justiciable controversy.  The complaint asks this Court to grant certain relief in anticipation of the

                                              1

1   California presidential primary election.  On June 1, 2016, the Court denied plaintiffs' motion for

2   a preliminary injunction.  Civil Minutes, June 1, 2016, ECF No. 47.  The primary election was

3   held on June 7, 2016, rendering plaintiff's claims moot.  *Protectmarriage.com-Yes on 8 v. Brown*,

4   752 F.3d 827, 834 (9th Cir. 2014).  Further, plaintiffs have not alleged standing to bring their

5   claims.  To establish standing, plaintiffs must show that: (1) they suffered an injury in fact – an

6   invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or

7   imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and

8   the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury

9   will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

10  (1992) (citations and quotations marks omitted). At most, plaintiff's complaint alleges an injury

11  that is merely conjectural or hypothetical.

12      Further, to survive a motion to dismiss, the Complaint must allege a claim that is facially

13  plausible, that is, "'the non-conclusory factual content,' and reasonable inferences from that

14  content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S.*

15  *Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiffs' Complaint does not allege a factually

16  plausible claim.

17      The allegations of the Complaint are insufficient to state a claim for violation of the First

18  and Fourteenth Amendments or the Voting Rights Act as a matter of law.  In *Burdick v. Takushi*,

19  504 U.S. 428, 434 (1992), the Supreme Court held that in the context of election regulations, the

20  courts must apply a "flexible standard" that weighs the burdens of the regulation against the

21  government's interest in enacting them. If the burden is severe, the regulation is subject to strict

22  scrutiny, if not, it may be justified by important state interests.  The conduct plaintiffs' allege

23  defendants engaged in, failing to affirmatively advise voters of their statutory right to change

24  voter registration or, if registered as a no-part-preference voters, to request a Democratic,

25  American Independent or Libertarian presidential primary ballot, is not close to a constitutional

26  violation, nor does it constitute a violation of the Voting Rights Act.

27      The court lacks jurisdiction over plaintiffs' state law mandamus claims.  Section 1361 of

28  Title 28 of the United States Code only grants a district court authority to compel "an officer or

2

1  employee of the United States or any agency thereof to perform a duty ....” Defendants are all

2  state and local officials, so Section 1361 does not apply.  Moreover, the only relief plaintiffs seek

3  on their state law claims is injunctive relief, and it is an abuse of discretion for a district court to

4  issue an injunction that requires state officials to do anything more than what is required by

5  federal constitutional or statutory law.  *See Trueblood v. Washington State Dept. of Soc. and*

6  *Health Services*, No. 15-35462, 2016 WL 2610233, at *7 (9th Cir. May 6, 2016) (citing *Katie A.,*

7  *ex rel. Ludin v. Los Angeles Cnty.*, 481 F.3d 1150, 1155 (9th Cir. 2007)).

8       Leave to amend the complaint need not be granted if “it is clear that the complaint could

9  not be saved by an amendment.”  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d

10  940, 946 (9th Cir. 2005).

11       The Motion is hereby **GRANTED** and this action is **DISMISSED WITHOUT LEAVE**

12  **TO AMEND**.

13       **IT IS SO ORDERED.**

14

15

16

17  Dated:                              _____

18                                       The Honorable William Alsup
                                        United States District Judge

19

20

21  SA2016102240
22  20864850.doc

23

24

25

26

27

28