DENNIS J. HERRERA, State Bar #139669
City Attorney
RONALD D. FLYNN, State Bar #184186
Chief Deputy City Attorney
JON GIVNER, State Bar #208000
ANDREW SHEN, State Bar #232499
JOSHUA S. WHITE, State Bar #237223
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:    (415) 554-4661
Facsimile:    (415) 554-4699
E-Mail:       joshua.white@sfgov.org

Attorneys for Defendant
JOHN ARNTZ, in his official capacity as
Director of the San Francisco Department of
Elections

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOTING RIGHTS DEFENSE PROJECT, AMERICAN INDEPENDENCE PARTY, CLARA DAIMS, and SUZANNE BUSHNELL,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEX PADILLA, in his official capacity as Secretary of State and an indispensable party, TIM DEPUIS, in his official capacity as chief of the Alameda County Registrar of Voters, JOHN ARNTZ, in his official capacity as Director of the San Francisco Board of Elections, and DOES I–X,<br><br>Defendants. | Case No. 16-cv-02739-WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT SAN FRANCISCO DIRECTOR OF ELECTIONS JOHN ARNTZ'S MOTION TO DISMISS**<br><br>Hearing Date:  August 18, 2016<br>Time:  8:00 a.m.<br>Judge:  Hon. William H. Alsup<br>Place:  Courtroom 8, 19th Floor |

After careful consideration of all of the papers, the court file and argument of counsel, the Court grants the motion to dismiss Plaintiffs' Amended Complaint ("Complaint") filed by Defendant John Arntz, the Director of San Francisco's Department of Elections ("Department"):

(1) The Complaint is moot because all of the relief sought by Plaintiffs was to stop supposed harms from occurring at the election on June 7, 2016. Because that election has already occurred, the action is moot.

(2) Plaintiffs lack standing. The only two Plaintiffs with any alleged connection to San Francisco are Clara Daims and Suzanne Bushnell. Their alleged harm was uncertainty about whether they could vote in the election. This was never a cognizable injury under Article III, but even if it was, the anticipated harm never occurred, as these Plaintiffs voted in the election in the primary of their choice.[1] As such, they lack standing to continue to pursue this lawsuit and the lawsuit is moot.

(3) Even if the Court could reach the merits of Plaintiffs' claims, they all fail. The Complaint seeks mandamus relief under 28 U.S.C section 1361, but as the Court has already ruled, that statute, by its plain language, applies only to federal officials. Because none of the defendants are federal officials, Plaintiffs cannot seek relief under this statute.

(4) Plaintiffs seek relief under two provisions of the Voting Rights Act, but none of the allegations in the Complaint concern voter registration (as required by Section 10101(a)(2)(A)), nor does the Complaint allege that there has been a material omission on any act requisite to voting (as required by Section 10101(a)(2)(B)).

(5) The Complaint alleges that the Department violated the First and Fourteenth Amendment, but as the Court noted at the hearing, there are no cases holding that treating NPP and non-NPP voters differently (even assuming there is evidence of such treatment) violates the Constitution.

DATED:

_____
HONORABLE WILLIAM A. ALSUP
UNITED STATES DISTRICT COURT JUDGE

---

[1] The Court grants the Department's request for judicial notice of these facts.

[Proposed] Order
Case No. 16-CV-2739-WHA

1

n:\ethics\li2016\161255\01114549.docx