1  KAMALA D. HARRIS
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  SHARON L. O'GRADY
   Deputy Attorney General
4  State Bar No. 102356
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5899
6   Fax:  (415) 703-1234
    E-mail:  Sharon.OGrady@doj.ca.gov
7  *Attorneys for Defendant Alex Padilla, Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOTING RIGHTS DEFENSE PROJECT, AMERICAN INDEPENDENT PARTY, CLARA DAIMS, and SUZANNE BUSHNELL,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as Secretary of State and an indispensable party, TIM DEPUIS, in his official capacity as chief of the Alameda County Registrar of Voters, JOHN ARNTZ, in his official capacity as Director of the San Francisco Board of Elections, and DOES I-X,<br><br>Defendants. | Case No. 3:16-cv-02739-WHA<br><br>**DEFENDANT SECRETARY OF STATE'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:         August 18, 2016<br>Time:        8:00 a.m.<br>Dept:         8<br>Judge:       The Hon. William Alsup<br>Trial Date: None set<br>Action Filed: May 20, 2016 |

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................................................................... 1

Argument ...................................................................................................................................... 1

    I.    Leave to file a further amended complaint should be denied on grounds of futility. ........................................................................................................................... 1

        A.    Plaintiffs cannot amend their complaint to avoid mootness. ...................... 1

        B.    Plaintiffs cannot amend their complaint to allege standing. ....................... 2

        C.    Plaintiffs do not identify any misconduct on the part of the Secretary of State or identify any relief it would seek against him in an amended pleading ............................................................................... 2

        D.    Plaintiffs cannot amend their complaint to state a claim for violation of the First or Fourteenth Amendments. ....................................... 3

        E.    Plaintiffs cannot amend the complaint to state a claim for violation of section 10101(a)(2)(a) of the Voting Rights Act. .................................. 4

        F.    Plaintiffs cannot amend the complaint to state a claim for violation of section 10101(a)(2)(b) of the Voting Rights Act. .................................. 4

        G.    Plaintiffs cannot amend the complaint to state a valid state law claim. ............................................................................................................ 5

    II.    The court should not hear plaintiffs' request to file an amended complaint on July 12. .................................................................................................................... 5

Conclusion .................................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Burdick v. Takushi*
   504 U.S. 428 (1992)...................................................................................................3

*Clark v. Coye*
   60 F.3d 600 (9th Cir. 1995)..........................................................................................5

*Griffin v. Burns*
   431 F. Supp. 1361 (D.R.I. 1977)..................................................................................3

*Katie A. ex. rel. Ludin v. Los Angeles Cty.*
   481 F.3d 1150 (9th Cir. 2007)......................................................................................5

*Leadsinger, Inc. v. BMG Music Publ'g*
   512 F.3d 522 (9th Cir. 2008)........................................................................................1

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992).....................................................................................................2

*Novak v. United States*
   795 F.3d 1012 (9th Cir. 2015)......................................................................................1

*Protectmarriage.com-Yes on 8 v. Brown*
   752 F.3d 827 (9th Cir. 2014)........................................................................................2

*Schwier v. Cox*
   42 F. Supp. 2d 1266 (N.D. Ga. 2005) .........................................................................4

*TechnoMarine SA v. Giftports, Inc.*
   758 F.3d 493 (2d Cir. 2014).........................................................................................1

*Washington Ass'n of Churches v. Reed*
   492 F. Supp. 2d 1264 (W.D. Wash. 2006)..................................................................4

**STATUTES**

52 U.S.C.
   § 10101(a)(2)(A) .........................................................................................................4
   § 10101(a)(2)(B) .........................................................................................................4

California Elections Code
   § 3006............................................................................................................................4
   § 3007.7.........................................................................................................................4
   § 13102(c).....................................................................................................................2

# TABLE OF AUTHORITIES
## (continued)

**Page**

Voting Rights Act .................................................................................................................1

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    First Amendment..........................................................................................................3
    Fourteenth Amendment................................................................................................3

**COURT RULES**

United States District Court, Northern District
    Local Rule 7-2(b) .........................................................................................................5
    Local Rule 10-1............................................................................................................5
    Local Rule 15(b) ..........................................................................................................1

**INTRODUCTION**

Plaintiffs' Opposition fails meaningfully to address the arguments raised in the Secretary of State's motion: that this case is moot, that plaintiffs lack standing, and that plaintiffs have failed to join necessary parties against whom they seek relief. Plaintiffs' Voting Rights Act and constitutional arguments, and their request for leave to file a further amended complaint "to conform with the documents submitted prior to the injunction hearing," recycle arguments and evidence that this Court has already determined to be legally inadequate. The Court should dismiss the complaint without leave to amend.

**ARGUMENT**

**I. LEAVE TO FILE A FURTHER AMENDED COMPLAINT SHOULD BE DENIED ON GROUNDS OF FUTILITY.**

Although plaintiffs' document is styled in part as an opposition, they do not directly address any of the threshold issues raised in the Secretary of State's motion to dismiss, and ask to amend their Complaint. Therefore, the only remaining issue is whether plaintiffs should be allowed leave to file a further amended pleading.[1] The Court should deny leave to amend because amendment would be futile. *See Novak v. United States*, 795 F.3d 1012, 1016 (9th Cir. 2015); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiffs have failed to show how an amendment would cure the deficiencies in their pleadings. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Instead, plaintiffs simply reiterate arguments the Court has already rejected.

**A. Plaintiffs Cannot Amend Their Complaint to Avoid Mootness.**

Plaintiffs failed to address the Secretary of State's argument that this action is moot because the June 7 primary is over. The only allusion plaintiffs make to the mootness problem is their

---

[1] Both in their Opposition and in their papers filed in support of their motion for preliminary injunction plaintiffs refer to amending their complaint to conform to the evidence presented on their motion for preliminary injunction. To the extent plaintiffs are suggesting that their complaint simply be deemed so amended, the court should reject that suggestion. Amendments according to proof allows a plaintiff to assert a new issue based on evidence at trial, not at the pleading stage, and a complaint generally should only be deemed amended when an unpled issue has been tried with the express or implied consent of the parties. Rule 15(b).

statement that the "legacy [of the primary] continues," and that "[t]he battle for no-party-preference voters continues." Opposition at 1. Like the allegations of the Complaint, all of the arguments in plaintiffs' Opposition relate to the now-concluded primary. Opposition at 2-11, 16-19. The only remedy plaintiffs state that they will seek, if granted leave to amend their complaint, is "that poll workers must be uniformly trained to ask NPP voters whether they want to vote for a presidential candidate in any of the three crossover parties." Opposition at 8.

The next presidential primary will be held in 2020, and at present there can be no certainty that any political party will allow crossover voting from no-party-preference voters in that election. *See* CAL. ELEC. CODE § 13102(c). There is no present controversy. *See Protectmarriage.com-Yes on 8 v. Brown*, 752 F.3d 827, 834 (9th Cir. 2014). In short, further amendment of plaintiffs' complaint would be futile because, even as plaintiffs propose to amend them, plaintiffs' claims are moot.

### B. Plaintiffs Cannot Amend Their Complaint to Allege Standing.

Plaintiffs' opposition fails to address the Secretary of State's standing argument or to explain how their proposed amended complaint can establish standing, that is, that plaintiffs can show: (1) an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and quotations marks omitted). Any assumption that there will be problems with the 2020 presidential primary, such as inadequate poll worker training, is pure conjecture.

### C. Plaintiffs Do Not Identify Any Misconduct on the Part of the Secretary of State or Identify Any Relief It Would Seek Against Him in an Amended Pleading

Plaintiffs pejoratively accuse the Secretary of State of "gaming the system," Opposition at 7, 12, but the facts are to the contrary. Plaintiffs concede that the Secretary's instruction guide for the 2016 primary encouraged poll workers to ask no-party-preference voters if they wished to request a party presidential ballot, even though the Election Code does not require that.

2

Opposition at 7.  Plaintiffs also gripe generally about the Secretary's alleged "lack of oversight" and failure to provide "guidance," *id*. at 10, but also concede that local election officials have "enormous autonomy" to conduct their "affairs free of interference from the Secretary," *id*. at 12, and plaintiffs fail to identify any action the Secretary should have but failed to take.  Plaintiffs have not shown that they could amend the Complaint to state a claim for relief against the Secretary.

### D. Plaintiffs Cannot Amend Their Complaint to State a Claim for Violation of the First or Fourteenth Amendments.

Plaintiffs repeat their claims that party-affiliates must affirmatively be informed that they may re-register as no-party-preference voters, and that no-party-preference voters must be offered Democratic Party, American Independent Party, or Libertarian Party ballots by poll workers on Election Day, Opposition at 10, but fail to explain how the trivial burden of requiring voters to ask for a party ballot, as provided in the Elections Code, violates the federal Constitution under the balancing test in *Burdick v. Takushi*, 504 U.S. 428, 433 (1992).  The Opposition identifies no new facts plaintiffs could allege that would salvage this claim.

*Griffin v. Burns,* 431 F. Supp. 1361 (D.R.I. 1977), on which plaintiffs rely, is inapposite.  In that case, the votes of individuals who voted by absentee or shut-in ballots in a primary election were disallowed after a candidate challenged the election results based on a state law that did not allow absentee or shut-in ballots in primary elections.  The state mistakenly had been issuing and counting such ballots in primary elections for years; it had publicized that it would accept such ballots for the election in question; the disallowed ballots represented more than 10 percent of the total votes cast and determined the outcome of the election; plaintiffs presented evidence that at least some individuals would and could have voted in person had they known that their absentee or shut-in ballots would be disallowed; and the state's actions "had an undeniable racial effect on the outcome of the election." *Id*. at 1363-64 & n.1.  No one denies the importance of the right to vote, but nothing in the Opposition suggests that qualified voters were denied the right to vote. The fact that plaintiffs want voters to be given different information than that required by the Elections Code is not a violation of the electors' equal protection or First Amendment rights.

### E. Plaintiffs Cannot Amend the Complaint to State a Claim for Violation of Section 10101(a)(2)(A) of the Voting Rights Act.

Plaintiffs argue that 52 U.S.C. section 10101(a)(2)(A) applies to more than voter registration, but cite no authority that supports that argument. The statute expressly applies to the determination whether an individual is *qualified to vote under state law*. *Id.* The Opposition suggests no facts that plaintiffs could plead that would support a finding that the Secretary of State, or any defendant, is applying discriminatory standards in determining who is qualified to vote.

### F. Plaintiffs Cannot Amend the Complaint to State a Claim for Violation of Section 10101(a)(2)(B) of the Voting Rights Act.

Plaintiffs' Opposition reveals that the sole factual basis for the claim under section 10101(a)(2)(B) of the Voting Rights Act is their allegation that there has been a violation of Elections Code sections 3006 and 3007.7. Opposition at 14. Plaintiffs are wrong, but even if true their claims are irrelevant. Plaintiffs have proffered no facts suggesting that anyone was denied the right to vote because his or her registration application contained an immaterial error or omission, which is what the statute requires. *See Washington Ass'n of Churches v. Reed*, 492 F. Supp. 2d 1264, 1270 (W.D. Wash. 2006) (errors in voter registration application that preclude a voter's name be matched to Social Security database or Department of Licensing database were not material to determining voter eligibility); *Schwier v. Cox,* 42 F. Supp. 2d 1266 (N.D. Ga. 2005) (refusal to include social security number in voter registration application was not material in determining whether the applicant was qualified to vote under state law). Indeed, rather than arguing an *immaterial error or omission* by the *voter*, plaintiffs are arguing (erroneously) that there was *material error or omission* by *election officials*. (Opposition at 14.)[2] That does not state a claim under section 10101(a)(2)(B).

---

[2] Plaintiffs' observation that the "[c]ase law is somewhat unfavorable" to their position, Opposition at 14, is an understatement. The court in *Friedman v. Snipes*, 345 F. Supp. 2d 1356, 1371-72 (S.D. Fla. 2004), rejected an argument substantially similar to the one plaintiffs make here.

**G.     Plaintiffs Cannot Amend the Complaint to State a Valid State Law Claim.**

Plaintiffs seek to dismiss their state law mandamus claim but ask for leave to amend. (Opposition at 10.) The Court should refuse their request. Even if plaintiffs were to replead their Elections Code claims as non-mandamus claims, they would be fatally defective. Plaintiffs' Opposition acknowledges that the relief it seeks is an injunction. (Opposition at 8, 10-11.) Plaintiffs cannot get injunctive relief from this Court against state officials based on state law claims. *Katie A. ex. rel. Ludin v. Los Angeles Cty.*, 481 F.3d 1150, 1155 (9th Cir. 2007); *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995). *See* Mem. Op. re Mot. for Prelim. Inj. 5. Plaintiffs also have pointed to no facts or theories that were not before the Court on plaintiffs' preliminary injunction motion, when the Court concluded that plaintiffs' state law claims were substantively without merit. *Id*.

**II.    THE COURT SHOULD NOT HEAR PLAINTIFFS' REQUEST TO FILE AN AMENDED COMPLAINT ON JULY 12.**

It is common for plaintiffs to request leave to amend a complaint in response to a motion to dismiss. That request is considered in connection with that motion, and any argument is presented at the hearing on the motion. Where a plaintiff seeks leave to file an amended complaint as an independent matter, that plaintiff is required to file a motion, not simply announce a hearing date, as plaintiffs have done. The document Plaintiffs have filed does not have the essential attributes of a motion. Local Rule 7-2(b.) It also does not comply with notice requirements. A motion must be filed at least 35 days in advance of the hearing, unless an order shortening time is obtained. Local Rule 7-2(a). The rules also require that the proposed amended pleading be attached to the motion. Local Rule 10-1. Plaintiffs have offered no grounds for having their request heard on shortened time, or reason why they have not complied with the local rules of this Court. The Court should not permit a July 12 hearing on plaintiffs' request.

1  **CONCLUSION**

2  The Court should dismiss the Complaint with prejudice.

3  Dated:  July 5, 2016                                   Respectfully Submitted,

4                                                                          KAMALA D. HARRIS
                                                                              Attorney General of California
5                                                                          TAMAR PACHTER
                                                                              Supervising Deputy Attorney General

7                                                                          /s/ Sharon L. O'Grady

8                                                                          SHARON L. O'GRADY
                                                                              Deputy Attorney General
9                                                                          *Attorneys for Defendant Alex Padilla,
                                                                              Secretary of State*

SA2015102025

6

The Secretary of State's Reply in Further Support of Motion to Dismiss Complaint (3:16-cv-02739-WHA )