DONNA ZIEGLER [142415]
County Counsel
By: ANDREA WEDDLE [250297]
Assistant County Counsel
RAYMOND S. LARA [213181]
Senior Deputy County Counsel
Office of the County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:   (510) 272-6700

Attorneys for Defendant
Tim Dupuis, Registrar of Voters for
The County of Alameda

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VOTING RIGHTS DEFENSE PROJECT, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>ALEX PADILLA, *et al.*,<br><br>                              Defendants. | Case No.  C 16-02739 WHA<br><br>**DEFENDANT TIM DUPUIS' JOINDER IN DEFENDANT SECRETARY OF STATE'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND DUPUIS' REPLY**<br><br>Complaint filed:  May 20, 2016<br>Date:                    August 18, 2016<br>Time:                    8:00 a.m.<br>Department:        8<br>Judge:                  Hon. William Alsup |

1

Dupuis Joinder in SOS Reply ISO MTD

### JOINDER BY DEFENDANT TIM DUPUIS IN THE REPLY IN SUPPORT OF THE MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED BY SECRETARY OF STATE ALEX PADILLA

Defendant Tim Dupuis ("Dupuis"), Registrar of Voters for the County of Alameda, hereby joins in the Secretary of State's Reply In Support of Motion to Dismiss First Amended Complaint ("Reply") filed by Defendant Alex Padilla, the Secretary of State for the State of California ("Padilla"), on July 5, 2016 (ECF Docket No. 58). Federal courts recognize the right to join in motions filed by other parties. *See, e.g., Willis v. Pacific Maritime Ass'n*, C 95-4379, 1997 WL 488581, at *6-7 (N.D. Cal. Aug. 10, 1997) ("It is a common occurrence for parties to join in the motions of other parties on the same side in a case [and] [i]f the grounds stated in the motion are applicable to the joining party as well as the moving party, it would be wasteful for them to file separate motions."). Dupuis joins in and adopts the Reply in its entirety, including all arguments, assertions and authorities in the Motion and supporting papers.

### REPLY

In addition to the Joinder, Dupuis addresses the issue regarding poll worker training in Alameda County raised in Plaintiffs' Opposition to Motions to Dismiss by All Defendants and Request for Leave to Amend Complaint to Conform with Proof ("Opposition"). Plaintiffs attempt to single out Dupuis for allegedly failing to train poll workers to offer a "Presidential ballot" because two poll workers were claimed to be confused at their training. *See* Opp. at pp. 7-8.

As this Court highlighted in its June 2, 2016 order on the preliminary injunction (ECF Docket No. 46, at 5:6-14), California law does not require defendants to affirmatively inform no-party-preference voters of their rights to obtain a crossover ballot at the polling place. Section 13102(b) of the California Elections Code provides, "[a]t partisan primary elections, each voter not registered disclosing a preference with any one of the political parties participating in an election shall be furnished only a nonpartisan ballot, unless he or she requests a ballot of a political party" that has authorized crossover ballots. Thus, the plain language of the statute contemplates that the voter would affirmatively request the crossover ballot.

1

Dupuis Joinder in SOS Reply ISO MTD

Even though California law does not require it, Dupuis' office has spent countless hours training poll workers to offer NPP voters the cross over ballots – exactly what the Plaintiffs are seeking.  *See* Dupuis Declaration ISO Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF Docket No. 40-1) ("Dupuis Decl."), ¶¶ 12-14. Dupuis also provided material at the precincts to inform NPP voters of their cross-over options, which the Opposition does not mention.  *See id.*, ¶ 15. The Opposition only makes a desperate effort to misconstrue the detailed training materials, pointing to "an empty green field below the title" that reads "Roster-Index Page: Crossover Voting for Nonpartisan Voters." Opp. at pp. 8-9.  That "green empty field" included a video of a re-enactment of poll workers offering an NPP voter a cross over ballot.  *See* Dupuis Decl., ¶ 12-13. More importantly, the Opposition fails to state how any amendment to the FAC would state a claim against Dupuis under the U.S. Constitution, the Voting Rights Act, state law, or any other law.

Finally, as they did in their motion for a preliminary injunction (*see* ECF Docket No. 28 at p.5, ¶ 10), Plaintiffs again cite to a declaration by Richard Troy.  No such declaration has ever been filed in this case; the Court must disregard any arguments or "evidence" based on said declarations.

**CONCLUSION**

For these reasons, and those stated in Padilla's Motion to Dismiss and Reply, this Court must grant the motion to dismiss Plaintiffs' First Amended Complaint without leave to amend.

DATED:   July 5, 2016
DONNA ZIEGLER, County Counsel in and for the County of Alameda, State of California


By /s/ Raymond S. Lara
Raymond S. Lara
Senior Deputy County Counsel
Attorneys for Tim Dupuis, the
Registrar of Voters For
the County of Alameda

2

Dupuis Joinder in SOS Reply ISO MTD