1   KAMALA D. HARRIS
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   SHARON L. O'GRADY
    Deputy Attorney General
4   State Bar No. 102356
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 703-5899
6     Fax:  (415) 703-1234
      E-mail:  Sharon.OGrady@doj.ca.gov
7   *Attorneys for Defendant Alex Padilla*

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12

| | |
|---|---|
| 13  **VOTING RIGHTS DEFENSE PROJECT,** | 3:16-cv-02739-WHA |
| **AMERICAN INDEPENDENCE PARTY,** | |
| 14  **CLARA DAIMS, and SUZANNE** | **JOINT CASE MANAGEMENT** |
| **BUSHNELL,** | **STATEMENT** |
| 15 | |
| Plaintiffs, | Date:         August 25, 2016 |
| 16 | Time:         8:00 a.m. |
| | Courtroom:    8 |
| 17  **v.** | Judge:        The Hon. William H. Alsup |
| | Trial Date:   None set |
| 18  **ALEX PADILLA, in his official capacity as** | Action Filed: May 20, 2016 |
| **Secretary of State and an indispensable** | |
| 19  **party, TIM DEPUIS, in his official capacity** | |
| **as chief of the Alameda County Registrar of** | |
| 20  **Voters, JOHN ARNTZ, in his official** | |
| **capacity as Director of the San Francisco** | |
| 21  **Board of Elections, and DOES I-X,** | |
| 22               Defendants. | |

23

24        The parties to the above-entitled action submit this Joint Case Management Statement

25   pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines,

26   filed May 23, 2016; the Clerk's Notice Scheduling Initial Case Management Conference on

27   Reassignment, filed May 24, 2016; the Clerk's Notice Rescheduling Hearing, filed August 3,

28   2016; the Standing Order for All Judges of the Northern District of California; the Supplemental

1

Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup; and Civil Local Rule 16-9.

### 1. Jurisdiction and Service.

The Court's subject matter jurisdiction over this action is based on 28 U.S.C. section 1331. Defendants do not dispute that this Court has jurisdiction over plaintiffs' First, Second and Third claims for relief. The parties agree that the Court does not have subject matter jurisdiction over plaintiffs' Fourth claim for relief, in which plaintiffs seek a writ of mandamus pursuant to 28 U.S.C. section 1361, and plaintiffs are no longer pursuing that claim. Venue in this Court is proper. All defendants have appeared in this action, and therefore no parties remain to be served.

### 2. Facts.

Plaintiffs brought this actions seeking injunctive relief in connection with the June 7, 2016 presidential primary against the Tim Dupuis, Chief of the Alameda County Registrar of Voters; John Arntz, Chief of the San Francisco Department of Elections, and Alex Padilla, Secretary of State of the State of California. Plaintiffs' amended complaint alleges that Dupuis and Arntz have violated the Voting Rights Act (52 U.S.C. sections 10101(a)(2)(A) and 10101(a)(2)(B)), the First Amendment of the United States Constitution, and the Equal Protection Clause of the United States Constitution. Specifically, plaintiffs allege that Mr. Dupuis and Mr. Arntz failed to provide adequate information to no-party-preference voters and party-affiliated voters in connection with applications to vote by mail, in their preparation of their respective Voter Information Pamphlets and Sample Ballots, and in their training of poll workers. Plaintiffs have named the Secretary of State as an indispensable party, and also allege that he failed properly to advise the other Defendants.

### 3. Legal Issues.

The disputed issues of law in this case are as follows:

1. Whether this case is non-justiciable because it is moot because the primary election concluded on June 7, 2016. *Protectmarriage.com-Yes on 8 v. Brown*, 752 F.3d 827, 834 (9th Cir. 2014).

1        2.   Whether this case is non-justiciable because plaintiffs lack standing, which requires

2   (1) an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual

3   or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury

4   and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the

5   injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

6   560-61 (1992); *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

7        3.   Whether, in light of the state-wide relief plaintiffs seek, they have failed to join

8   necessary parties in this action, i.e., the 56 county election officials who are not defendants in this

9   lawsuit. Fed. R. Civ. P. 19.

10        4.   Whether the Secretary of State is a necessary party to this action.  Fed. R. Civ. P. 19.

11        5.   Whether the factual content of plaintiffs' complaint and reasonable inferences from that

12   content plausibly suggest a claim entitling plaintiffs to relief.  *Moss v. U.S. Secret Serv.*, 572 F.3d

13   962, 969 (9th Cir. 2009).

14        6.   Whether, under the balancing test of *Burdick v. Takushi*, 504 U.S. 428, 433 (1992),

15   defendants' conduct toward no-party-preference voters violates the First or Fourteenth

16   Amendments of the Constitution.

17        7.   Whether plaintiffs' claims under the Voting Rights Act, 52 U.S.C. section

18   10101(a)(2)(A), fail because they neither allege that any plaintiff has been denied the right to

19   register to vote, nor allege that defendants discriminate in determining who is qualified to vote

20   under state law.

21        8.   Whether plaintiffs' claims under the Voting Rights Act, 52 U.S.C. section

22   10101(a)(2)(B), fail because they do not allege that any individual has been denied the right to

23   vote based on an immaterial error or omission in the voter registration application.  *Friedman v.*

24   *Snipes*, 345 F. Supp. 2d 1356, 1370-73 (S.D. Fla. 2004).

25        9.   Whether any effort by plaintiffs to replead their writ claims as non writ state law claims

26   would be futile because a federal court may not enter an injunction that requires any more of state

27   officers than is demanded by federal constitutional or statutory law. *Katie A. ex. rel. Ludin v. Los*

28

1  *Angeles Cty.*, 481 F.3d 1150, 1155 (9th Cir. 2007); *Clark v. Coye*, 60 F.3d 600, 604 (9th Cir.
2  1995).

3       10.  Whether, even if plaintiffs could otherwise replead their writ claims as non-writ state

4  law claims, this Court should decline to exercise supplemental jurisdiction over them under

5  28 U.S.C. section 1367.

6            **4.    Motions.**

7       This Court denied plaintiffs' motion for preliminary injunction on June 1, 2016.

8       Defendants have moved to dismiss the amended complaint without leave to amend.

9  Plaintiffs responded to the motion stating that they wish to amend the complaint to conform with

10  the evidence they provided in support of their motion for preliminary injunction.  Defendants

11  contend that leave to amend should be denied on the ground that amendment would be futile.

12  The motions are set for hearing on August 25, 2016.

13      Should this Court grant plaintiffs leave to file a second amended complaint, defendants

14  anticipate further motion(s) to dismiss.

15           **5.    Amendment of Pleadings.**

16      Plaintiffs do not intend to pursue their writ claims.  Plaintiffs have requested leave to amend

17  their complaint to conform with the evidence they provided in support of their motion for

18  preliminary injunction.

19           **6.    Evidence Preservation.**

20      The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

21  Information.  The parties have met and conferred pursuant to Federal Rule of Civil

22  Procedure 26(f) and agree that electronic evidence need not be provided in this case.  To the

23  extent the parties referred to electronic or internet materials in connection with plaintiffs' motion

24  for preliminary injunction, the parties shall provide the materials in html and/or pdf form.

25           **7.    Disclosures.**

26      Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and (C), the parties have stipulated

27  that initial disclosures shall not be made at this time, but shall be made within 14 days after such

28

4

1  time, if ever, as the Court enters an order denying the pending motions to dismiss, or denying any

2  subsequent motions to dismiss.

3       **8.**    **Discovery.**

4       No discovery has been taken to date.  The parties agree that any discovery, and any

5  discovery plan, is premature at this time, and should be deferred until after such time, if ever, as

6  the Court enters an order denying the pending motions to dismiss, or denying any subsequent

7  motions to dismiss.  The parties have agreed that electronically stored information may be

8  produced in html and/or pdf form.  The parties have identified no privilege issues to be addressed

9  at this time, and do not anticipate any changes to the limitations on discovery imposed under

10  these rules.

11       **9.**    **Class Actions.**

12       This is not a class action.

13       **10.**    **Related Cases.**

14       There are no related cases.

15       **11.**    **Relief.**

16       Plaintiffs seek declaratory and injunctive relief.

17       **12.**    **Settlement and ADR.**

18       There have been no ADR efforts to date, and there are no prospects for settlement of this

19  action.  Resolution of defendants' motions to dismiss is necessary before the parties are in a

20  position to negotiate a resolution, if any negotiated resolution is in fact possible.

21       **13.**    **Consent to a Magistrate Judge for All Purposes.**

22       The parties do not consent to have a magistrate judge conduct all further proceedings.

23       **14.**    **Other References.**

24       This case is not suitable for reference to binding arbitration, a special master, or the Judicial

25  Panel on Multidistrict Litigation.

26

27

28

Joint Case Management Statement  (3:16-cv-02739-WHA)

**15.    Narrowing of Issues.**

Plaintiffs have agreed that they are no longer pursuing their Fourth claim for mandamus relief.  The pending motions to dismiss may result in a narrowing, or elimination, of the remaining issues.

**16.    Expedited Trial Procedure.**

This case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling.**

The parties respectfully request that the Court set a further case management conference at such time, if ever, that the Court denies defendants' pending or subsequent motions to dismiss, and that the parties provide an updated joint case management statement in connection with that conference.

**18.    Trial.**

Any trial will be to the Court.  Until issues concerning the scope of this case have been resolved, the parties cannot estimate the length of time that will be required for trial.

**19.    Disclosure of Non-party Interested Entities or Persons.**

A Certificate of Interested Entities or Persons under Civil Local Rule 3-15 does not apply to Defendants as it is not applicable to governmental entities or agencies.  Plaintiffs have not filed a Certificate of Interested Entities or Persons under Civil Local Rule 3-15.  Plaintiffs state that there are no interested entities or persons.

**20.    Professional Conduct.**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other.**

To date, the parties have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

1 DATED:  August 17, 2016                     Respectfully submitted,

2                                             KAMALA D. HARRIS
                                              Attorney General of California
3                                             TAMAR PACHTER
                                              Supervising Deputy Attorney General
4

5
                                             By: /s/ SHARON O'GRADY
6                                            SHARON L. O'GRADY
                                             Deputy Attorney General
7                                            Attorneys for Defendant Alex Padilla

8

9

10

11                                          By: /s/ RAYMOND LARA
    DATED: August 17, 2016                  RAYMOND LARA
12                                          Office of the County Counsel
                                            1221 Oak Street, Suite 450
13                                          Oakland, CA 94612
                                            Tel: (510) 272-6700
14                                          Email:  raymond.lara@acgov.org
                                            Attorneys for Defendant Tim Dupuis
15

16

17                                          By:/s/ JOSHUA WHITE
    DATED: August 17, 2016                  JOSHUA WHITE
18                                          City and County of San Francisco
                                            1 Dr. Carlton B. Goodlett Place
19                                          City Hall, Room 234
                                            San Francisco, CA 94102-4862
20                                          Tel: (415) 554-3800
                                            Email:  joshua.white@sfgov.org
21                                          Attorneys for Defendant John Arntz

22

23
    DATED: August 17, 2016                   By: /s/ WILLIAM M. SIMPICH
24                                           WILLIAM M. SIMPICH
                                             1736 Franklin Street
25                                           Tenth Floor
                                             Oakland, CA 94612
26                                           Tel: (510) 542-6809
                                             Fax: (510) 444-1704
27                                           E-mail: bsimpich@gmail.com
                                             Attorneys for Plaintiffs
28

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTESTATION

I, Sharon L. O'Grady, am the ECF user whose identification and password are being used to file the JOINT CASE MANAGEMENT STATEMENT. I hereby attest that Raymond Lara, Joshua White, and William M. Simpich have all concurred in this filing.

8

# CERTIFICATE OF SERVICE

Case Name:    **Voting Rights Defense Project,**            No.    **3:16-cv-02739-WHA**
                        **et al. v. Alex Padilla, et al.**

I hereby certify that on <u>August 17, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CASE MANAGEMENT STATEMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 17, 2016</u>, at San Francisco, California.


| M Campos | */s/ M Campos* |
|---|---|
| Declarant | Signature |

SA2016102240
20887453.doc